Clarence F. Giles, J.
This is a proceeding under the Uniform Support of Dependents Law (Domestic Relations I jaw, art. 3-A).
This proceeding was initiated in the Superior Court, Hancock County, Maine.
The papers forwarded to the court include the petition and a certificate by the court and three copies of the Maine law as required.
*455 ' The respondent was served personally within the County of Jefferson and appeared personally and by his attorney in court.
The respondent by notice of motion objects to the jurisdiction of this court on the following grounds.
1. The certificate signed by Hon. James P. Archibald, Justice of the Superior .Court, is insufficient in that it is not dated.
2. The certificate fails to certify that a summons was issued in the State of Maine or, failing that, that a statement setting forth reasons for the omission to issue such a summons with evidence supporting such reasons.
3. That the petition is insufficient in that it fails to show the circumstances of the petitioner or any facts indicating the need for support.
4. That the petition is insufficient in that it does not state with whom or where the children reside.
The court has been unable to find, and the parties have failed to call to the court’s attention any statute or decision that holds that a certificate is invalid because it is undated.
A date on this certificate in this particular proceeding is not of the essence.
The first objection is overruled.
The third and fourth objections are overruled on the ground that the petition prima facially sets forth sufficient facts to give this court jurisdiction, and if controverted on the trial, further proof can be taken.
With regard to objection number two, it is necessary to construe the meaning of subdivision 3 of section 37 of the Domestic Relations Law of the State of New York, and section 7 of chapter 167 of the Revised Statutes of Maine, called the Uniform Reciprocal Enforcement of Support Act.
Section 30 of the New York statute states the purpose of the act: “ The purpose of this article is to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support.”
Section 1 of the Maine act states, “ The purposes of this chapter are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto.”
The objection raised by respondent in objection number two is, that the Maine court did not issue a summons and make an attempt to serve it on the respondent in Maine or certify reasons for the omission.
Subdivision 3 of section 37 of the New York statute in substance states that if the respondent be not a resident of or domiciled in or cannot be found in the initiating State, the Judge *456 of such court shall certify, that a summons duly issued out of his court for service upon the respondent has been returned with an affidavit to the effect that respondent cannot with due diligence be located or served with such process in the initiating State, that the respondent is believed to be residing or domiciled in the responding State.
In the event that the court shall have before it satisfactory evidence that the respondent is not within the initiating State or cannot be served with process there, the summons and affidavit required herein may be omitted and the certificate shall contain a statement of the reasons for said omissions and the pertinent evidence supporting the same.
Section 7 of the Maine law so far as applicable reads as follows: “ Sec. 7 Choice of Law — Duties of support applicable under this chapter are those imposed of imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown. ’ ’ (Emphasis added.)
It is conceded that the certificate of the Judge does not show that a summons was issued out of his court, nor does his certificate contain a statement of the reasons for the omission or any evidence supporting same.
The petitioner states, upon information and belief, respondent now is residing or domiciled at 237 Central Street, Watertown, New York.
The Judge’s certificate says, “ That the above named respondent is believed to be residing or domiciled in Watertown, New York.”
The conflict here is that our law requires that the initiating State issue a summons and have an affidavit that the summons cannot be served in the initiating State or a certificate showing the reasons for the omission.
The Maine statute has no such provisions.
The procedure in the Maine court is contained in section 13. ‘‘ Duty of court of this state as initiating state. If the court of this state acting as an initiating state finds that the petition sets forth facts from which it may be determined that the respondent owes a duty of support and that a court of the responding state mag obtain jurisdiction of the respondent. or his property, it shall so certify ”. (Emphasis added.)
The certificate of the Maine court so certifies, and has complied with its statute, and the respondent was found and served *457 in the City of Watertown, County of Jefferson and State of New York.
The presumption contained in section 7 of the Maine law obviates the issuance of a summons or reasons for its omission.
It seems to me that in this ease where reference must be had to two statutes, they should be read together and reconciled so that the purposes set forth in both acts can be accomplished. Reciprocity and uniformity is thereby accomplished.
The second objection is overruled.
The relief demanded in the notice of motion (i.e. the dismissal of the petition) is denied.
The order shall also provide that the respondent appear in court to answer the petition on the second Wednesday following service of a copy of this order upon him. Prepare order accordingly.